**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD LARA,

               Petitioner - Appellant,

   v.

KATHLEEN ALLISON, Warden,

               Respondent - Appellee.

No. 13-56908

D.C. No. 2:11-cv-04067-RGK-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 3, 2015[**]
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

Richard Lara appeals the district court's denial of his habeas corpus petition

filed under 28 U.S.C. § 2254. Lara was convicted of first degree murder,

attempted murder, and conspiracy to commit murder stemming from an altercation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in the parking lot of a market in 2004. At trial, the court admitted statements made by Jessie Heredia, Lara's co-defendant and an employee at the market, to Carlos Chavez, Heredia's coworker. Lara's petition contends that these statements were testimonial and that their admission violated the Confrontation Clause of the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Lara argues that the California Court of Appeal's determination that Heredia's hearsay statements were nontestimonial was contrary to the United States Supreme Court's decisions in *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006). We disagree.

The Supreme Court has never found a statement made outside of a law enforcement context to be testimonial. *See Davis*, 541 U.S. at 823 n.2 (finding it "unnecessary to consider whether and when statements made to someone other than law enforcement personnel are 'testimonial'"); *Michigan v. Bryant*, 562 U.S. 344, 357 n.3 (2011) (same). Thus, the California Court of Appeal's decision was not contrary to "clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see also Murray v. Schriro*, 745 F.3d 984, 997 (9th Cir. 2014).

Furthermore, the Confrontation Clause is concerned with "testimonial" hearsay like "formal statement[s] to government officers," not "casual remark[s] to an acquaintance." *Crawford*, 541 U.S. at 51. Heredia's statements to Chavez fall

2

into the latter category. Heredia made the statements at issue during an unprompted, informal conversation between coworkers at their place of employment. Therefore, the California Court of Appeal's conclusion that Heredia's statements to Chavez were nontestimonial was not "contrary to" or "an unreasonable application" of *Crawford*. 28 U.S.C. § 2254(d)(1); *see also Delgadillo v. Woodford*, 527 F.3d 919, 927 (9th Cir. 2008).

Additionally, we grant Lara's motion to expand the certificate of appealability as to his claim that the trial court's dismissal of Juror Number Nine violated his Sixth Amendment rights. The California Court of Appeal's determination that Juror Number Nine was unable to perform his duties as a juror was not contrary to clearly established federal law. *See United States v. Christensen*, __F.3d __ , 2015 WL 5010591, at *31–39 (9th Cir. Aug. 25, 2015).

We deny Lara's motion to expand the certificate of appealability to include any additional uncertified issues. *See Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

Accordingly, we conclude that the district court properly denied Lara's habeas petition.

**AFFIRMED.**